IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH BERNARD MACKEY, | CASE NO. CV-F-03-6607 OWW WMW HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RE PETITION FOR WRIT OF HABEAS CORPUS |
| PAUL M. SCHULTZ, Warden, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

**FACTUAL BACKGROUND**

On May 10, 1985, Petitioner was sentenced in the Northern District of California to serve a twenty-year term of imprisonment for armed and unarmed bank robbery. Petitioner served his sentence in the Bureau of Prisons until he was released from custody on parole on October 6, 1999.

Petitioner was arrested on state charges on or about August 10, 2001, in San Francisco, California, for conspiracy to commit robbery and recklessly evading a police officer. Because this criminal activity occurred while Petitioner was on federal parole, the United States Parole Commission issued a warrant for his arrest on August 15, 2001. On July 10, 2002, Petitioner was sentenced by the San Francisco County Superior Court to a fifteen-year suspended sentence and one year in the county

jail, with 245 days credit for pre-trial detention toward his state sentence. Petitioner was released to the United States Marshals Service pursuant to the federal parole detainer on July 16, 2002, when he began serving the balance of his federal sentence.

## LEGAL STANDARD

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner's claims are proper under 28 U.S.C. § 2241 and not 28 U.S.C. § 2255 because they concern the manner, location, or conditions of the execution of petitioner's sentence and not the fact of petitioner's conviction or sentence. Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir.1990) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); Montano-Figueroa v. Crabtree, 162 F.3d 548, 549 (9th Cir.1998) (*per curiam*) (allowing a federal prisoner to use § 2241 to challenge the BOP's restitution policies).

Further, because Petitioner is challenging the execution of his sentence at the United States Penitentiary at Atwater and Atwater is within the Eastern District of California, Fresno Division, the Court has jurisdiction over this petition. See, Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

## DISCUSSION

Petitioner contends that he was improperly denied credit for time spent in the San Francisco jail. Specifically, Petitioner claims that as a result of the federal detainer lodged against him, he remained in the San Francisco County Jail for a total of 339 days awaiting the outcome of the state charges against him. Petitioner argues that in being given credit for 245 days time served and then being turned over to federal authorities, he was improperly denied credit for the additional 94 days he spent in jail. Respondent disputes this contention.

"Computing a federal sentence requires two separate determinations: first, when the sentence commences; and, second, to what extent the defendant in question may receive credit for any time already spent in custody." United States v. Smith, 812 F.Supp. 368, 370 (E.D.N.Y.1993). The Attorney General of the United States is responsible for sentence computation, both under the "old law" set out in 18 U.S.C. Section 3585 and the "new law" set out in 18 U.S.C. Section 3568. United

States v. Wilson, 503 U.S. 329 (1992).

Under Section 3585(a), a federal sentence commences when the defendant is received by the Attorney General for service of his federal sentence. In the present case, the state relinquished all interest in Petitioner and released him to the custody of federal officials on July 16, 2002. Thus, Petitioner's federal sentence was correctly calculated as commencing on July 16, 2002.

The remaining question is whether Petitioner is entitled to credit for any time he spent in custody before his federal sentence commenced. Petitioner's case is governed by 18 U.S.C. Section 3568, now repealed, which states that credit shall be awarded only for time "spent in custody in connection with the offense or acts for which sentence was imposed." When he was placed in state custody, it was not "in connection with the (federal) offense," but rather for new state offenses. Therefore, Petitioner is not entitled to credit on his federal sentence for the time spent in state custody. See Sanders v. McGuire, 405 F.2d 881 (5th Cir. 1968) (when a defendant had been on probation relative to federal offense when he was placed in state custody so that he was not in state custody in connection with the federal offense, he was not entitled to credit on federal sentence later served for time spent in state custody).

Based on the foregoing, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DENIED and that judgment be entered for Respondent.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The court will

1  then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are
2  advised that failure to file objections within the specified time may waive the right to appeal the
3  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     July 17, 2006**                /s/  William M. Wunderlich
mmkd34                                      UNITED STATES MAGISTRATE JUDGE